T.C. Summary Opinion 2003-41

UNITED STATES TAX COURT

LARRY JOE MILLS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7036-02S.          Filed April 22, 2003.

Larry Joe Mills, pro se.

<u>Donald E. Edwards</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard under the provisions of section 7463 of the Internal Revenue Code as in effect at the time the petition was filed.  Unless otherwise indicated, all other section references are to the Internal Revenue Code in effect for the year at issue.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency in petitioner's Federal income tax of $2,901 for 1998. The issues for decision are: (1) Whether petitioner may deduct the Federal income tax withheld from a distribution from an Individual Retirement Account (IRA), and (2) whether petitioner is liable for the 10-percent additional tax on an early distribution from a qualified retirement plan.

The stipulated facts and exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioner resided in Jennings, Oklahoma.

## Background

In 1994, petitioner rolled over an amount from his 401(k) profit sharing plan at Moore Corporation into an IRA, a qualified retirement plan, at Payne County Bank (PCB) in Perkins, Oklahoma. On November 14, 1997, the District Court In And For Lincoln County, State of Oklahoma, issued a Qualified Domestic Relations Order (QDRO) in the case of Alvetta J. Mills v. Larry J. Mills. The QDRO ordered PCB to segregate for the benefit of Alvetta Mills, the alternate payee, the sum of $17,745 along with the interest accruing between November 14, 1997, until the date of distribution.

Petitioner signed on January 10, 1998, an "IRA Distribution Form", containing several sections, including: (1) "IRA Owner Information"; (2) "Distribution Reason"; (3) "Payment

Information"; and (4) "Withholding Election". In the "Distribution Reason" section, box number 1 was checked for "Premature Distribution. Under 59-1/2 and no other exceptions apply". Under "Withholding Election", the box was checked for "I elect to have Federal income tax withheld from my IRA distribution (10% withholding)". The amount of $2,518 is listed in the "Payment Information" section as the amount of Federal income tax withheld and the net distribution is listed as $22,662.

On January 12, 1998, pursuant to the terms of the QDRO, $17,895 was distributed from petitioner's IRA at PCB to his former wife. At the same time, the balance of the IRA, $25,180, was distributed to petitioner as described above. Petitioner was not yet 59-1/2 years old at the time of the distribution.

PCB issued to petitioner a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., showing a gross and taxable distribution of $25,180 and Federal income tax withheld of $2,518. Petitioner filed his Federal income tax return for 1998 in which he reported the distribution of $25,180 as income on line 15b. Petitioner, however, deducted on line 30, "Penalty on early withdrawal of savings", $2,518, and failed to report any amount in the "Other Taxes" section on line 53 of his return, "Tax on IRAs, other retirement plans, and MSAs. Attach Form 5329

if required".  Form 5329 is for reporting "Additional Taxes on Qualified Plans (Including IRAs) and Other Tax-Favored Accounts".

Respondent determined in the notice of deficiency that petitioner is liable for the additional tax on an early distribution from a qualified retirement plan.  Petitioner believes that the additional tax on early distributions is not applicable in this case because he believes his distribution of $25,180 was "forced" under his wife's QDRO.

## Discussion[1]

## The Deduction of Federal Withholding Tax

Section 62(a)(9) allows deductions under section 165 from gross income for amounts "forfeited to a bank, mutual savings bank, savings and loan association, building and loan association, cooperative bank or homestead association as a penalty for premature withdrawal of funds".  The Federal income tax withheld from petitioner's IRA distribution is not an amount forfeited to a bank or other financial institution as a penalty.

The Court notes that petitioner also claimed a credit for Federal withholding tax of $4,191 on line 57 of his 1998 Federal income tax return.  That amount represents the sum of the amounts reported on petitioner's Form W-2, Wage and Tax Statement, of $1,673 and the amount reported on his Form 1099-R, Distributions

---

[1]Because the issues in this case are not factual but are instead legal, sec. 7491 does not apply.

From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., issued by PCB that shows Federal income tax withheld of $2,518. What petitioner did was to claim a deduction and a withholding credit for the same $2,518. Petitioner properly reported the amount as Federal income tax withheld. The Court concurs in respondent's determination that the deduction of the $2,518 as an amount forfeited as a penalty to a bank is improper.

Additional Tax on Early Distributions

Section 72(t)(1) provides for the imposition of a 10-percent additional tax on early distributions from qualified retirement plans with certain exceptions.

Petitioner testified that he received the distribution of $25,180 in 1998 upon the oral advice of a bank employee. If he was going to make the QDRO distribution to his wife, "she said you have to take it all out. You can't take a part of it out without borrowing the money to replace it back." Unfortunately for petitioner, he relied on bad advice. Even if the advice were true, however, the operative provision offers him no relief.

Section 72(t)(2) provides that the additional tax on early distributions shall not apply to certain types of distributions. One type of distribution that is not subject to the additional tax is "Payments to alternate payees pursuant to qualified domestic relations order". Sec. 72(t)(2)(C). Under this

provision, a distribution to an "alternate payee" under a QDRO is excepted from the additional tax on early distributions. Section 402(e)(1)(A) provides that an "alternate payee" who is the spouse or former spouse of the plan participant shall be treated as the distributee of any distribution or payment made to the "alternate payee" under a "qualified domestic relations order" as defined in section 414(p). Therefore, a distribution made to such an alternate payee under a QDRO will be taxable to that alternate payee, and not to the plan participant, because section 402(e)(1)(A) treats the alternate payee as the distributee.

But it is not the distribution to his wife, the alternate payee, that is under consideration here. The distribution in dispute is the distribution to petitioner himself. Petitioner is a distributee, the plan participant or beneficiary who, under the plan, is entitled to receive the distribution. See Darby v. Commissioner, 97 T.C. 51, 58 (1991); Estate of Machat v. Commissioner, T.C. Memo. 1998-154; Smith v. Commissioner, T.C. Memo. 1996-292. As petitioner is not an "alternate payee", he may not look to section 72(t)(2)(C) for relief.

It does not appear that any of the statutory exceptions to the application of section 72(t) apply in this case, and petitioner has not suggested otherwise.

The Court concurs in respondent's determination that petitioner is subject to the 10-percent additional tax on an early distribution from a qualified retirement plan.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.